IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEROME EUGENE TODD,

      Plaintiff,

v.                                          CASE NO. 5:14-cv-56-WS-GRJ

N.C. ENGLISH,
Warden,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

      Pending before the Court for screening is Plaintiff's *pro se* complaint.  (Doc. 1.)

A federal court is required to conduct an initial screening of a *pro se* complaint to

determine whether the action: (1) is frivolous or malicious or fails to state a claim on

which relief may be granted, or (2) seeks monetary relief against a defendant who is

immune from such relief.  28 U.S.C. § 1915(e).  Because Plaintiff's complaint fails to

state a claim, it is due to be dismissed.

      Plaintiff is a federal prisoner asserting claims against N.C. English, the warden at

Marianna FCI.  Although Plaintiff has used the Court's Civil Complaint Form to be used

by Prisoners in Actions Under 28 U.S.C. § 1331 or § 1346, it is apparent that the

complaint is a further rehash of the same frivolous arguments Plaintiff made in his failed

Section 2241 Habeas Corpus Petition, filed in this Court.  (*Todd v English*, Case No.

5:13-cv-00160-MP-EMT).  While Plaintiff's allegations are difficult to make out, the crux

of Plaintiff's argument is that he was convicted of a non-existent offense and thus his

Fourteenth Amendment right to equal protection was violated in some unspecified manner.  Plaintiff names Warden English in his official capacity and complains that Warden English "conducted an order" in Case No. 5:13-cv-160-MP-EMT because he took the position that the criminal statute under which the Plaintiff was convicted applied to adults. The docket for that case discloses, however, that the Court dismissed the case without requiring service and a response because the petition was frivolous and was successive. Warden English thus never filed anything in that case.[1] Plaintiff seeks a preliminary and permanent injunction against "mail fraud," and that Defendant "shall not enforce the United States Sentencing Guidelines Manual 2G1.1 because as applied it is unconstitutional."  Plaintiff does not request monetary damages.

It is clear that the claims in the complaint have been raised and rejected in his various habeas corpus cases, as they concern his conviction and sentence.[2]  "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . .  his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*,

---

[1]  On March 31, 2014 the Eleventh Circuit issued its mandate dismissing the appeal in that case. *See,* Case No. 5:13-cv-160-MP-EMT, Doc. 50.

[2]  Plaintiff disclosed, and a review of the Court's PACER Case Locator confirms, that Plaintiff already has litigated multiple habeas corpus cases. *See Todd v. United States*, Case No. 5:10-cv-304-SPM-CJK (N.D. Fla., March 15, 2011); *Todd v. United States*, Case No. 2:11-cvx-470-JLR (W.D. Wa., Jan. 25, 2013); *Todd v. English*, Case. No. 5:13-cv-160-MP-EMT (N.D. Fla., April 23, 2013).

411 U.S. 475, 500 (1973).  Thus, because it is clear that Plaintiff's claims in this case go to the very heart of habeas corpus, they are not properly raised in a civil complaint. And to the extent that Plaintiff intends to raise these claims in a habeas petition he cannot do so because a habeas petition would be barred as successive.  Thus, granting Plaintiff leave to amend his complaint or to amend and file a habeas claim would be futile because it would be subject to immediate dismissal as successive.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for failure to state a claim and because the complaint is frivolous.

**IN CHAMBERS,** at Gainesville, Florida, this 2nd day of April 2014.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge